GAO
Accountability * Integrity * Reliability

United States Government Accountability Office
Washington, DC 20548

Office of the General Counsel

October 23, 2006

Mark D. Colley, Esq.
Holland & Knight LLP

Maj. William H. Torrico
Marine Corps Systems Command

Donald C. Holmes, Esq.
Holmes & Gordon

**File:** B-298516.2

**Protesters:** Raytheon Company

**Agency:** Marine Corps Systems Command

**Solicitation No.:** M67854-06-R-6000

**NOTICE OF ADMISSION TO PROTECTIVE ORDER**

The Government Accountability Office has received and reviewed the application Michael A. Gordon, Esq., an attorney with the law firm of Holmes & Gordon, which has been retained by L-3 Communications to represent that company in this protest.

Based on the information provided by this individual regarding his relationship with the parties to the protest, and in the absence of any objection, the Government Accountability Office concludes that the risk of inadvertent disclosure of protected material is sufficiently minimal to warrant providing access under the protective order. The individual has represented that he has read the protective order issued by the Government Accountability Office on October 2, 2006 for this protest and will abide by its terms and conditions in handling any protected material that is produced in this matter. Accordingly, the individual listed above is hereby authorized to receive protected material.

Unless the Government Accountability Office expressly notifies the parties otherwise, all material identified by any party as falling within the protective order shall be covered by that order. For 2 working days following production, all documents, including those not designated as protected, shall be released only to persons admitted to the protective order, in order to permit identification of documents counsel believes should have been designated as protected.

Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

Jonathan L. Kang
Senior Attorney

10/23/06
Date

## NOTICE REGARDING PROTECTED MATERIALS

GAO protective orders generally require that within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings must be destroyed, unless the parties otherwise agree or GAO so orders. The terms of the protective order (except those terms regarding the return or destruction of protected material) apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under the order.