**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **Raytheon Company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-718** |
| **v.** | ) | **(Judge Smith)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **L-3 CINCINNATI ELECTRONICS, INC.,** | ) | |
| **Intervenor-Defendant.** | ) | |

**DEFENDANT'S NOTICE OF CONTRACT TERMINATION**
**AND MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, moves to dismiss as moot the complaint of plaintiff Raytheon Company ("Raytheon") for a preliminary injunction and declaratory relief because the agency is taking corrective action on the underlying protest and contract No. M67854-06-C-6022 has been terminated.

This case is a challenge to a decision by the Marine Corps, issued pursuant to the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(c), to override the automatic stay during the bid protest pending before the Government Accountability Office ("GAO"), B-298516.2. Raytheon's GAO protest, AR 208-33, was a post-award challenge to the Marine Corps' award of contract No. M67854-06-C-6022 to L-3 Cincinnati Electronics, Inc. ("L-3 CE") for development, integration, testing and production of 668 thermal sights for its amphibious assault vehicles. AR 145-207, 260-67, 268-69.[1] The thermal sights provide the vehicle commander the capability to engage targets in all weather, day and night, and under numerous

[1] "AR__" refers to the administrative record filed in this case on October 23, 2006.

battlefield obscurants. Raytheon's protest triggered the automatic stay provisions in 31 U.S.C. § 3553(d). On October 10, 2006, the Head of the Contracting Activity ("HCA"), Marine Corps Systems Command, Brigadier General Michael Brogan, made a determination and finding of urgent and compelling circumstances to override the stay and permit development, integration, testing and production of 216 systems under the awarded contract to support Marines deployed in and deploying to Iraq. AR 244-49. Raytheon filed suit contesting the override of the stay, seeking declaratory and injunctive relief to prevent contract performance during the pendency of Raytheon's protest at the GAO.

On October 26, 2006, the Marine Corps notified the parties to this case and the GAO that corrective action was being taken on the underlying solicitation and that contract No. M67854-06-C-6022 had been terminated. (This notice is attached as an exhibit). With the corrective action and termination of the contract, both the override and the protest became moot.

The termination of the contract also renders moot the relief sought in this case. Accordingly, this Court no longer possess subject matter jurisdiction over this complaint. S.K.J. & Assocs. v. United States, 67 Fed. Cl. 218, 230 (2005); CCL Serv. Corp. v. United States, 43 Fed. Cl. 680, 689 (1999).

For these reasons, we respectfully request that the Court dismiss Raytheon's complaint as moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ DONALD E. KINNER
Assistant Director

s/ ARLENE PIANKO GRONER
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8TH Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0162
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

Samuel J. Galbo, Jr.
Deputy Counsel, MARCORSYSCOM and
Counsel, DRPM AAA
Marine Corps Systems Command

Electronically Filed
October 26, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2006, "DEFENDANT'S NOTICE OF CONTRACT TERMINATION AND MOTION TO DISMISS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Arlene Pianko Groner